**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WEST BEND INSURANCE COMPANY,

Plaintiff, Case No. 1:26-cv-2361

v.

CVDS, INC. d/b/a CLEAR VIEW DIGITAL SURVEILLANCE and ANNIN973 LLC d/b/a TRUFFLE CANNABIS,

Defendants.

---

Jason R. Fathallah (P70434)
Amy J. Smith (WI 1095174)
HUSCH BLACKWELL LLP
*Attorneys for Plaintiff West Bend Insurance Company*
511 North Broadway, Ste. 1100
Milwaukee, WI 53202
(414) 273-1000
jason.fathallah@huschblackwell.com
amy.smith@huschblackwell.com

---

# COMPLAINT FOR DECLARATORY JUDGMENT

There is a civil action involving some or all of these parties and arising out of the same transaction or occurrence as alleged in this Complaint, filed in the Ingham County Circuit Court as Case Number 26-2447-CB and entitled *Annin973, LLC v. CVDS, Inc.* That action remains pending.

NOW COMES Plaintiff West Bend Insurance Company ("West Bend"), by and through its attorneys, Husch Blackwell LLP, and for its Complaint for Declaratory Judgment states as follows:

## NATURE OF ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. West Bend seeks a declaration that (1) the policy of insurance West Bend issued to Defendant CVDS, Inc. d/b/a Clearview ("CVDS") does not provide coverage to CVDS for the claims asserted by Defendant Annin973 LLC d/b/a Truffle Cannabis ("Truffle") in Ingham County, Michigan Case No. 26-2447-CB (the "Underlying Action") and that therefore (2) West Bend has no duty to defend or indemnify CVDS against the claims asserted in the Underlying Action.

2. A true and accurate copy of the operative complaint in the Underlying Action is attached hereto as Exhibit A.

## PARTIES

3. West Bend Insurance Company is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of West Bend, Washington County, Wisconsin.

4. Defendant CVDS, Inc. d/b/a Clear View Digital Surveillance is a Michigan citizen and a domestic corporation organized under the laws of the State of Michigan, with its principal place of business located in the City of Troy, Oakland County, Michigan. CVDS is a defendant in the Underlying Action.

5. Defendant Annin973 LLC d/b/a Truffle Cannabis is a Michigan citizen and a domestic limited liability company organized under the laws of the State of Michigan, with its

principal place of business located in the City of Lansing, Ingham County, Michigan. Truffle is the plaintiff in the Underlying Action.

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has power to grant the relief sought by West Bend under 28 U.S.C. § 2201.

8. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## BACKGROUND

9. The Underlying Action arises from Truffle's allegation that CVDS failed to provide the security monitoring that CVDS sold and billed to Truffle for Truffle's marijuana grow facility.

10. The Underlying Action alleges that Truffle retained CVDS to provide security services intended to detect, deter, and respond to unauthorized intrusions at the facility, including live video monitoring, camera monitoring, alarm monitoring, real-time response, and live audio intervention, and that CVDS billed Truffle for these services on a recurring monthly basis.

11. The Underlying Action further alleges that on November 16, 2025, multiple intruders rammed through Truffle's perimeter fence with a vehicle, forcibly pried open an entry door, entered the facility, and stole approximately 150 pounds of dried cannabis product with an approximate value of $150,000.

12. The Underlying Action alleges that at the time of the burglary, CVDS's video and camera monitoring system was nonfunctional due to a server, equipment, connectivity, and/or

vendor outage on CVDS's end, and that as a result, CVDS did not observe the burglary in real time and did not use the live audio intervention capability CVDS had undertaken to provide.

13. The Underlying Action asserts six counts against CVDS: (1) breach of contract; (2) negligence; (3) gross negligence; (4) breach of good faith and fair dealing; (5) negligent misrepresentation; and (6) unjust enrichment/quantum meruit.

14. Truffle seeks compensatory damages in excess of $250,000, including the alleged value of the stolen cannabis product, alleged damage to the facility's perimeter fence and entry door, regulatory compliance costs, business interruption losses, and consequential and incidental damages, plus interest, costs, and attorney fees.

15. West Bend issued Commercial Lines Policy No. 1247319-15 to CVDS for the policy period of February 1, 2025 to February 1, 2026 (the "Policy"), which includes Commercial General Liability Coverage and Commercial Liability Umbrella Coverage. A true and accurate copy of the relevant portions of the Policy is attached hereto as Exhibit B.

16. CVDS tendered the defense of the Underlying Action to West Bend pursuant to the Policy.

17. West Bend accepted the tender and is defending CVDS in the Underlying Action pursuant to a full reservation of rights.

18. The Underlying Action remains pending, and discovery is ongoing.

19. West Bend now seeks a declaration that (1) the Policy does not provide coverage to CVDS for the claims asserted in the Underlying Action and that therefore (2) West Bend has no duty to defend or indemnify CVDS against the claims asserted in the Underlying Action.

20. An actual controversy has arisen and now exists concerning West Bend's obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

## THE WEST BEND POLICY

21. The Policy contains a Commercial General Liability Coverage form which provides in relevant part as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of “bodily injury” or “property damage” to which this insurance applies. We will have the right and duty to defend the insured against any “suit” seeking those damages. However, we will have no duty to defend the insured against any “suit” seeking damages for “bodily injury” or “property damage” to which this insurance does not apply. We may, at our discretion, investigate any “occurrence” and settle any claim or “suit” that may result.

***

**2. Exclusions**

This insurance does not apply to:

***

**a. Expected or Intended Injury**

“Bodily injury” or “property damage” expected or intended from the standpoint of the insured. This exclusion does not apply to “bodily injury” or “property damage” resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement, or that is assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

***

**j. Damage To Property**

"Property damage" to:

***

(4) Personal property in the care, custody or control of the insured;

***

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
(1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
(2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

***

**SECTION II – DEFINITIONS**

***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

17. "Property damage" means: a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

**FIRE PROTECTION AND ALARM SYSTEM ERRORS AND OMISSIONS ENDORSEMENT**

A. The following is added to Section I – Coverages: Insuring Agreement – "Fire Protection and Alarm System Design Professional Services" and "Fire Protection and Alarm System Construction"

1. We will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" to "your product", "your work", or "impaired property". The damages must have been caused by a negligent act, error or omission in the performance of, or failure to perform, your "fire protection and alarm system design professional services" or your "fire protection and alarm system construction".

***

B. With respect to the coverage provided by this endorsement, the following exclusions apply:

This insurance does not apply to:

***

15. Dishonest, Fraudulent, Criminal Or Malicious Act. Damages arising out of dishonest, fraudulent, criminal or malicious acts, errors or omissions intentionally committed by or at the direction of an insured. However, with respect to damages arising out of any criminal act, this exclusion only applies to the extent that the insured admits, under oath, or is determined in any legal proceeding, to have committed or directed the criminal act.

***

G. With respect to the coverage provided by this endorsement, the following definitions are added to the Definitions section:

***

2. "Fire protection and alarm system construction" means any assembly, erection, installation, construction, manufacturing or supplying of any parts or materials of or for a "fire protection or alarm system".

3. "Fire protection and alarm system design professional services" means the planning, design or engineering of a "fire protection or alarm system", including the preparation of plans and specifications for such systems.

4. "Fire protection or alarm system" means: a. A device or series of devices that emit or transmit an audible or remote visual or electronic alarm signal; or b. A device or series of devices used or intended to be used for the suppression of fire.

***

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted.

## FIRST CLAIM

22. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

23. The Policy's Commercial General Liability coverage form provides coverage only for "property damage" caused by an "occurrence" as those terms are defined in the Policy.

24. The Underlying Action alleges that CVDS failed to provide the active camera monitoring, real-time incident response, and live audio intervention services that CVDS sold and billed to Truffle, and that Truffle suffered theft-related and economic losses as a result of that failure.

25. Because the Underlying Action's allegations against CVDS are not characterized as "property damage" caused by an "occurrence" within the meaning of the Policy, the Commercial General Liability coverage form does not provide coverage to CVDS for the claims alleged in the Underlying Action, and West Bend therefore has no duty to defend or indemnify CVDS against those claims.

**SECOND CLAIM**

26. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

27. The Policy defines "property damage" to mean physical injury to tangible property, including resulting loss of use, or loss of use of tangible property that is not physically injured.

28. The Underlying Action alleges that approximately 150 pounds of dried cannabis product was stolen by third-party intruders during the November 16, 2025 burglary.

29. Because the theft of the cannabis product by third-party intruders does not constitute "physical injury to tangible property" caused by CVDS, or "loss of use of tangible property" caused by an "occurrence" attributable to CVDS, within the meaning of the Policy, the Commercial General Liability coverage form does not provide coverage to CVDS for the claims alleged in the Underlying Action to the extent they seek recovery for the value of the stolen product, and West Bend therefore has no duty to defend or indemnify CVDS against those claims.

**THIRD CLAIM**

30. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

31. The Underlying Action alleges that Truffle sustained physical damage to its perimeter fence and entry door as a result of the third-party intruders' forced entry into the facility.

32. The Underlying Action does not allege that CVDS physically damaged the perimeter fence or entry door but that CVDS's alleged failure to monitor, detect, deter, respond, or intervene contributed to the occurrence and extent of that damage.

33. To the extent the damage to the perimeter fence and entry door is not an "occurrence" caused by CVDS, or to the extent Truffle's claimed damages associated with that

property damage are not damages because of covered "property damage" within the meaning of the Policy, the Commercial General Liability coverage form does not provide coverage to CVDS for those claims, and West Bend therefore has no duty to defend or indemnify CVDS against those claims.

**FOURTH CLAIM**

34. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

35. The Underlying Action alleges that Truffle seeks damages for regulatory compliance costs, investigation expenses, professional fees, business interruption losses, loss of a cultivation cycle, and other consequential and incidental damages.

36. Because such damages do not constitute damages "because of" "property damage" caused by an "occurrence" within the meaning of the Policy, the Commercial General Liability coverage form does not provide coverage to CVDS for those claimed damages, and West Bend therefore has no duty to defend or indemnify CVDS against those claims.

**FIFTH CLAIM**

37. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

38. The Policy's Commercial General Liability coverage form contains a Damage to Property exclusion, which precludes coverage for "property damage" to personal property in the care, custody, or control of the insured.

39. The Underlying Action alleges that CVDS undertook to actively monitor Truffle's camera system and facility, including the cannabis inventory housed there, on a continuous basis.

40. Because Truffle's cannabis inventory is determined to have been in the care, custody, or control of CVDS by virtue of CVDS's undertaking to monitor and protect that inventory, coverage for the claims alleged in the Underlying Action relating to the stolen product is precluded by the Damage to Property exclusion in the Policy's Commercial General Liability coverage form, and West Bend therefore has no duty to defend or indemnify CVDS against those claims.

## SIXTH CLAIM

41. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

42. The Policy's Commercial General Liability coverage form contains a Contractual Liability exclusion, which precludes coverage for "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, except liability the insured would have had in the absence of the contract or agreement.

43. The Underlying Action alleges, in the alternative, that CVDS and Truffle formed an enforceable commercial relationship through an oral contract, an implied-in-fact contract, or a contract established by course of dealing and course of performance, and that CVDS assumed obligations to provide monitoring and response services under that relationship.

44. To the extent it is determined that a contract or agreement existed between CVDS and Truffle and that CVDS assumed by that contract or agreement liability for damages beyond what CVDS would otherwise have had in tort, coverage for such assumed liability is precluded by the Contractual Liability exclusion in the Policy's Commercial General Liability coverage form, and West Bend therefore has no duty to defend or indemnify CVDS against claims for such assumed liability.

## SEVENTH CLAIM

45. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

46. The Policy's Commercial General Liability coverage form contains a Damage To Impaired Property Or Property Not Physically Injured exclusion, which precludes coverage for "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy, or dangerous condition in the insured's "work", or a delay or failure by the insured to perform a contract or agreement in accordance with its terms.

47. The Underlying Action alleges that CVDS failed to perform the active monitoring, incident response, and intervention services it undertook to provide, and that this failure deprived Truffle of the benefit of the parties' commercial relationship.

48. Because Truffle 's alleged damages arise out of a delay or failure by CVDS to perform a contract or agreement in accordance with its terms, or out of a deficiency or inadequacy in CVDS's work, coverage for those claims is precluded by the Damage To Impaired Property Or Property Not Physically Injured exclusion in the Policy's Commercial General Liability coverage form, and West Bend therefore has no duty to defend or indemnify CVDS against those claims.

## EIGHTH CLAIM

49. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

50. The Policy's Commercial General Liability coverage form contains a Fire Protection and Alarm System Errors and Omissions Endorsement (the "Endorsement").

51. The Endorsement provides coverage for "property damage" to "your product", "your work", or "impaired property" caused by a negligent act, error, or omission in the

performance of, or failure to perform, "fire protection and alarm system design professional services" or "fire protection and alarm system construction", as those terms are defined in the Endorsement.

52. The Underlying Action alleges that CVDS undertook to actively monitor Truffle 's camera and alarm system, detect unauthorized activity, escalate security events, and use live audio intervention, and that CVDS's alleged failure arose from a server, equipment, connectivity, or vendor outage affecting the ongoing performance of those monitoring services.

53. To the extent the Underlying Action alleges only a failure in the performance of ongoing monitoring services, rather than a negligent act, error, or omission in the planning, design, engineering, assembly, erection, installation, construction, manufacture, or supply of a "fire protection or alarm system" as those terms are defined in the Endorsement, the Endorsement does not provide coverage to CVDS for the claims alleged in the Underlying Action.

## NINTH CLAIM

54. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

55. The Endorsement contains a Dishonest, Fraudulent, Criminal Or Malicious Act exclusion, which precludes coverage for damages arising out of such acts, errors, or omissions intentionally committed by or at the direction of an insured, and, with respect to criminal acts, applies to the extent the insured admits under oath or is determined in a legal proceeding to have committed or directed the criminal act.

56. To the extent the Endorsement is determined to apply to any of the claims alleged in the Underlying Action, and to the extent CVDS is determined to have admitted, under oath, or to have been determined in a legal proceeding, to have committed or directed a criminal act giving

rise to Truffle's alleged damages, coverage under the Endorsement is precluded by the Dishonest, Fraudulent, Criminal Or Malicious Act exclusion.

## TENTH CLAIM

57. West Bend realleges and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

58. The Policy's Commercial Liability Umbrella coverage form provides payment on behalf of an insured for the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which the coverage applies, and affords no broader coverage than the underlying Commercial General Liability coverage form with respect to the issues raised in this Complaint.

59. Because the Commercial General Liability coverage form does not provide coverage to CVDS for the claims alleged in the Underlying Action for any of the reasons set forth above, the Commercial Liability Umbrella coverage form likewise does not provide coverage to CVDS for those claims, and West Bend therefore has no duty to defend or indemnify CVDS against those claims under the Umbrella coverage form.

WHEREFORE, West Bend respectfully requests that this Court grant the following relief in its favor:

A. Declare that the Policy does not provide coverage to Defendant CVDS for the claims asserted in the Underlying Action and therefore West Bend has no duty to defend or indemnify Defendant CVDS in the Underlying Action;

B. Award West Bend its costs, disbursements, and fees as permitted by law; and

C. Grant such other and further relief as the Court deems just and equitable.

Dated this 18th day of August, 2026.

Respectfully submitted,

*Electronically signed by Jason R. Fathallah*

Jason R. Fathallah (P70434)
Amy J. Smith (WI 1095174)
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Phone: (414) 273-2100
Facsimile: (414) 223-5000
Email: jason.fathallah@huschblackwell.com
amy.smith@huschblackwell.com

*Attorneys for Plaintiff*
*West Bend Insurance Company*